IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| **Miriam Bosch & Giles Stewart,** )<br>)<br>*Plaintiffs*, )<br>v. )<br>)<br>**Pro Nurse, LLC, Independence Medical**<br>**Services, LLC, Tanya Owens-Long and**<br>**Russell Edward Long d/b/a Independence**<br>**Anesthesia Services** )<br>)<br>*Defendants.* )<br>) | Civil Action No.  3:11-cv-16<br>) _____<br><br>**JURY DEMAND** |

## COMPLAINT

COME NOW Plaintiffs Miriam Bosch and Giles Stewart (hereinafter "Plaintiffs"), and files this lawsuit against Defendants Pro Nurse, LLC, Independence Medical Services, LLC, Tanya Owens-Long and Russell Edward Long all of whom do business as Independence Anesthesia Services (hereinafter collectively "Defendants"), and shows the following:

### I.  Nature of Complaint

1.

Plaintiffs bring this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory and injunctive relief, liquidated and actual damages for Defendants' failure to pay federally mandated overtime wages to Plaintiffs in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter "FLSA") during Plaintiffs' employment with Defendants (hereinafter referred to as the "relevant time period").

## II.  Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1343(4).

4.

Defendants Pro Nurse, LLC and Independence Medical Services, LLC, are Georgia limited liability companies, which do business as Independence Anesthesia Services and the unlawful employment practices described herein occurred at 3722 Atlanta Highway, Suite 1, Athens, GA 30606. Accordingly, venue in this Court is proper pursuant to 29 U.S.C. §216(b); LR 3, Middle District of Georgia.

## III.  Parties

5.

Plaintiff Miriam Bosch is a resident of the State of Florida and submits herself to the jurisdiction of this Court.

6.

Plaintiff Bosch worked for the Defendants from February, 2009 until May 26, 2010.

7.

Plaintiff Giles Stewart is a resident of the State of Georgia and submits himself to the jurisdiction of this Court.

8.

Plaintiff Stewart was employed by the Defendants from December, 2009 until February, 2010.

9.

Plaintiffs were "employees" (as defined under FLSA §3(e), 29 U.S.C. §203(e)) for Defendants.

10.

During the term of their employment, Plaintiffs worked an amount of time that was more than forty (40) hours per workweek for which they were not paid either straight time or the overtime wage differential.

11.

Defendant Pro Nurse, LLC does business as Independence Anesthesia Service or Independence Medical Services, LLC and is a private employer engaged in interstate commerce, including but not limited to providing services to medical professionals and medical facilities outside the state of Georgia, and its gross revenues exceed $500,000 per

year.

12.

Defendant Independence Medical Services, LLC does business as Independence Anesthesia Service or Independence Medical Services, LLC and is a private employer engaged in interstate commerce, including but not limited to providing services to medical professionals and medical facilities outside the state of Georgia, and its gross revenues exceed $500,000 per year.

13.

Defendant Russell Edward Long is the Chief Operating Officer of Independence Anesthesia, is upon information and belief is the co-owner and Chief Operating Officer of Independence Medical Services, LLC and is organizing manager and co-owner for Defendant Pro Nurse, LLC. Defendant Long was Plaintiffs' supervisor and had discretion and control over Plaintiffs' payroll and overtime compensation.  Defendant Long worked both directly and indirectly in the interest of Defendants Pro Nurse, LLC, Independence Anesthesia Services and Independence Medical Services, LLC, and was in a supervisory position over the Plaintiffs.

14.

Defendant Tanya Owens-Long is, upon information and belief, the co-owner of Independence Anesthesia, Independence Medical Services, LLC and Pro Nurse, LLC and is organizing manager for Defendant Pro Nurse, LLC and Defendant Independence Medical Services, LLC. Defendant Owens-Long was directly involved in the day to day operations of

Independence Anesthesia, Pro Nurse, LLC and Independence Medical Services, LLC and had discretion and control over Plaintiffs' payroll and overtime compensation. Defendant Owens-Long worked both directly and indirectly in the interest of Defendants Pro Nurse, LLC, Independence Anesthesia Services and Independence Medical Services, LLC, and was in a supervisory position over the Plaintiffs.

15.

Defendant Pro Nurse, LLC. is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(e).

16.

Defendant Independence Medical Services, LLC is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(e).

17.

Defendant Russell Edward Long, is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(e).

18.

Defendant Tanya Owens-Long, is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(e).

19.

Defendants are governed by and subject to FLSA §7, 29 U.S.C. §204 and §207.

### IV. Facts

20.

During all but the last few weeks of her employment, Plaintiff Bosch was paid a salary of $400 per week, based on a 40 hour work week, plus a commission unrelated to the hours worked, but based on productivity.

21.

During the last several weeks of her employment Plaintiff Bosch was paid a salary of $455 per week, also based on a 40 hour work week.

22.

During her employment with the Defendants, Plaintiff Bosch was not paid the straight time or overtime wage differential required by FLSA §7, 29 U.S.C. §207 on the occasions that she worked over forty (40) hours in a workweek.

23.

Plaintiff Bosch's salary of $400 per week was less than the required minimum salary under the FLSA's exemption from payment of overtime compensation for persons in administrative or executive, as those positions are defined by the FLSA.

24.

Plaintiff Bosch's salary at the end of her employment was $455, which is the minimum salary required under the FLSA's exemption from payment of overtime compensation for persons in administrative or executive positions, as those positions are

defined by the FLSA.

25.

Plaintiff Bosch's job was called "Client Executive;" however, Plaintiff's job responsibilities were not "executive" in nature as defined by the FLSA. For example, she did not manage a department or supervise employees or have the authority to hire or fire employers or recommend their hiring and firing.

26.

Plaintiff Bosch's primary job was to market and recruit health care employees to fill both temporary and permanent positions within healthcare facilities and offices that had contracts with the defendants, as well as soliciting, and contracting with facilities for anesthesia services and anesthesia personnel.  In addition, Plaintiff Bosch was required to perform other routine office work, such as filing and completing paperwork as required.

27.

Plaintiff Bosch was required on a rotation to be on call after hours and on weekends to handle any matters that might arise, but was not compensated either for being on call or being required to perform services during these time periods.

28.

Plaintiff Bosch's job did not require the exercise of discretion and independent judgment with respect to matters of significance. Instead she applied the Defendants' established technique and procedures as directed by Defendants.

29.

During the entire term of his employment, Plaintiff Stewart was paid a salary of $400 per week, based on a 40 hour work week plus a commission unrelated to the hours worked, but based on productivity.

30.

During his employment with the Defendants, Plaintiff Stewart was not paid the overtime wage differential required by FLSA §7, 29 U.S.C. §207 on the occasions that he worked over forty (40) hours in a workweek.

31.

Plaintiff Stewart's salary of $400 per week was less than the required minimum salary under the FLSA's exemption from payment of overtime compensation for persons in administrative or executive positions, as those positions are defined by the FLSA.

33.

Plaintiff Stewart's job was called "Client Executive;" however, Plaintiff's job responsibilities were not "executive" in nature as defined by the FLSA. For example, he did not manage a department or supervise employees or have the authority to hire or fire employers or recommend their hiring and firing.

34.

Plaintiff Stewart's primary job was to market and recruit health care employees to fill both temporary and permanent positions within healthcare facilities and offices that had contracts with the defendants, as well as soliciting, and contracting with facilities for

anesthesia services and anesthesia personnel.  In addition, Plaintiff Stewart was required to perform other routine office work, such as filing and completing paperwork as required.

35.

Plaintiff Stewart was required on a rotation to be on call after hours and on weekends to handle any matters that might arise, but was not compensated either for being on call or being required to perform services during these time periods.

36.

Plaintiff Stewart's job did not require the exercise of discretion and independent judgment with respect to matters of significance. Instead, he applied the Defendants' established technique and procedures as directed by Defendants.

### V. Violations of the Overtime Pay Requirements of the FLSA

37.

Defendants, individually and collectively, jointly and severally, have violated FLSA §7, 29 U.S.C. §207, by failing to pay straight time and overtime wages for time that Plaintiffs Bosch and Stewart worked in excess of forty (40) hours in a workweek.

38.

Defendants' actions as stated above were made willfully and or with careless disregard for their legal duties under the FLSA, and constitutes willful violations of the FLSA within the meaning of 29 U.S.C. § 255(a), entitling Plaintiffs to liquidated damages.

39.

Pursuant to FLSA §16, 29 U.S.C. §216, Plaintiffs seek to recover their straight time

wage and overtime wage differential, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

### VII.  Prayer for Relief

40.

**WHEREFORE**, Plaintiffs respectfully request that this Court:

(A) Grant Plaintiffs a trial by jury as to all triable issues of fact;

(B) Enter judgment awarding Plaintiffs unpaid wages pursuant to the FLSA §7, 29 U.S.C. §207, FLSA § 6, 29 U.S.C. § 206(d), liquidated damages as provided by 29 U.S.C. §216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. §216, and court costs, expert witness fees, reasonable attorneys' fees as provided under FLSA §16, 29 U.S.C. §216, and all other remedies allowed under the FLSA; and,

(C) Award Plaintiffs such further and additional relief as may be just and appropriate.

Respectfully submitted this 9th day of February, 2011.

    _s/Janet E. Hill, Esq._____
Janet E. Hill
Georgia Bar No. 354230
Hill & Associates, PC
1160 S. Milledge Ave., Suite 140
Athens, Georgia 30605
706.353.7272
706.549.8446 (facsimile)
janetehill@bellsouth.net
Attorneys for Plaintiffs